■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v DELTA TRANSPORTATION GROUP, INC., Defendant, and TRANS COUNTRY STORAGE, INC., Appellant. [668 NYS2d 596] —Order, Supreme Court, New York County (Salvador Collazo, J.),

entered May 16, 1997, which, in an action by plaintiff insurer against defendants to recover premiums due under a workers' compensation policy, denied defendant-appellant's motion to vacate the default judgment entered against it, unanimously affirmed, without costs.

The motion must be denied since, even assuming in appellant's favor that it did not receive notice of the summons, which was served on the Secretary of State, until it was served with the default judgment, appellant fails to show a meritorious defense (*see, East N. Y. Sav. Bank v Sun Beam Enters.*, 234 AD2d 131). The original policy taken out by defendant Delta Transportation Group, Inc. named itself as the insured trading as Trans Country Moving and Storage. Delta then requested plaintiff to amend the policy so as to designate the insured as itself trading as Trans Country Storage, Inc. Plaintiff thereupon amended the policy so as to cover two corporations, namely, "Delta Transportation Group Inc T/A Trans Country Moving & Storage" and "Trans Country Storage Inc." (the latter being appellant herein), listing both corporations as located at the same address, and requested from Delta information about the ownership of both the "lead" and "additional" entities now covered under the policy as required by the rules of the State Rating Board. These events occurred between March 1989 and April 1990; defendants did not respond to plaintiff's request for information; the policy was canceled in August 1991 for nonpayment of premium; the action was commenced in May 1995; the default judgment was entered in March 1996. Appellant argues that its request to amend the policy so as to name one corporation trading as another corporation was an obvious clerical error that should have been questioned by plaintiff. We disagree. If adding appellant as an insured was a misreading of Delta's letter, neither Delta nor appellant, who share the same address and whose officers have the same family name, objected thereto even though both the amending endorsement and plaintiff's request for information about the ownership of the two corporations made it clear that appellant was being added as an insured. Further, plaintiff's reading of Delta's request seems all the more reasonable in the absence of any explanation from defendants why a seemingly unnecessary amendment was being requested. Concur—Milonas, J. P., Rosenberger, Ellerin and Tom, JJ.